IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:20-CR-42-KAC-JEM |
| ) | |
| JOSE ANTONIO ARROYO ORTUNO, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case came before the undersigned for a telephonic motion hearing on Defendant Jose Antonio Arroyo Ortuno's Motion to Continue Trial [Doc. 23], filed on February 27, 2023. Assistant United States Attorney Kevin Quencer appeared by telephone on behalf of the Government. Attorneys Crispin J. Quintanilla and Robert R. Kurtz appeared by telephone on behalf of Defendant. Defendant was excused from the hearing.

In his motion [Doc. 20], Defendant asks the Court to continue the March 28, 2023 trial date because defense counsel need additional time to review discovery that has not yet been provided by the Government and to meet with Defendant to discuss the case. Defendant also submits that this case involves novel questions of law and pretrial preparations cannot be accomplished within the normal time limits. The motion relates that Defendant understands the time between the filing of the motion and a rescheduled trial date will be fully excludable for speedy trial purposes and that the Government does not oppose the requested continuance.

At the motion hearing, AUSA Quencer stated that the outstanding discovery referenced in Defendant's motion is information sought by the United States government from the Mexican government through official channels. He said the United States has received some of the information requested and will disclose those materials in discovery, although the Government does not intend to use this information in its case-in-chief. AUSA Quencer said the parties have been working together and anticipate reaching a plea agreement soon.

Mr. Kurtz agreed with the Government's position and affirmed that the parties have been actively working together on this case. He observed that the outstanding information from Mexico was slow to arrive, but he expected to receive it. Mr. Kurtz anticipated that the parties would reach a plea agreement in four to six weeks. He requested a new trial date in late September or early October.

The Court finds Defendant's motion to continue the trial and schedule is not opposed by the Government and is well taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). A trial continuance is necessary to allow defense counsel time to review new discovery provided by the Mexican government, to confer with their client, and to prepare for trial. The Court finds that pretrial preparations cannot be concluded by the March 28 trial date. Thus, a continuance is warranted to give counsel the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court previously found this case to be complex for speedy trial purposes because of the voluminous discovery, some of which derives from the judicial process of a foreign country and because this case is part of a broad-ranging conspiracy involving multiple defendants throughout the country and deals with matters of international import [Doc. 22 pp. 3–4]. The

parties relate that although production of the discovery from Mexico has been slow, it is in process. Thus, the Court continues to find it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits" the Court typically applies under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Accordingly, Defendant's Motion to Continue Trial [**Doc. 23**] is **GRANTED**. The parties have conferred with Chambers and agreed on a new trial date. The trial of this case is therefore reset to **October 3, 2023**. The Court finds that all the time between the filing of the motion on February 27, 2023, and the new trial date of October 3, 2023, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B). The Court also sets a new schedule in this case, which is set out in detail below.

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion to Continue Trial [**Doc. 23**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **October 3, 2023, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **February 27, 2023**, and the new trial date of **October 3, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the Court continues to find this case to be **COMPLEX** for speedy trial purposes;

(5) the new deadline for filing a plea agreement in the record and providing reciprocal discovery is **September 1, 2023**;

(6) the deadline for filing motions *in limine* is **September 18, 2023**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **September 21, 2023, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **September 22, 2023**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge